CITY OF BELLE FOURCHE, a municipal corporation, Plaintiff and Appellee,

v.

Allen L. DITTMAN and Paula M. Dittman, Defendants and Appellants.

No. 13730.

Supreme Court of South Dakota.

Argued Sept. 9, 1982.

Decided Oct. 27, 1982.

Jacqueline Marousek of Bennett & Main, Belle Fourche, for plaintiff and appellee.

Wesley W. Buckmaster of Stephens, Quinn, Carr & Buckmaster, Belle Fourche, for defendants and appellants.

DUNN, Justice.

Alan L. Dittman and Paula M. Dittman (appellants) appeal from a summary judgment granted the City of Belle Fourche (appellee) quieting title to certain streets located within the city limits. We reverse and remand.

Appellants are the record title holders of certain property in the Belle View Subdivision of the City of Belle Fourche, South Dakota. Some of appellants' property abuts what was originally platted as Riverside Drive and Third Avenue (now renamed Grant Street). Appellee brought this action to determine ownership of the streets when appellants demanded payment for appellee's placement of sewer lines within the original right-of-way of these streets. Appellants contend the streets had been legally vacated and thus the sewer construction by appellee amounted to a taking without compensation. Appellee denies this and contends the alleged vacation of these city streets is null and void.

In March of 1906, appellants' predecessors-in-interest prepared and recorded a plat of the Belle View Addition to the City of Belle Fourche, which included the streets referred to above. The statute in effect at that time provided:

When the plat or map shall have been made out and certified, acknowledged and recorded as required by this article, every donation or grant to the public, . . . marked or noted as such on said plat or map, shall be deemed in law and equity a sufficient conveyance to vest the fee simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors . . . and the land intended to be used for the streets, alleys, ways, commons or other public uses in any town or city, or addition thereto, shall be held in the corporate name thereof in trust to and for the use and purposes set forth and expressed or intended.

R POL C 1903, Ch. 15, Art. 14, § 1494 (this statute has been recodified and remains in effect without substantial change at SDCL 11–3–12).

In 1907, all the landowners in the Belle View Subdivision filed a duly executed Declaration of Vacancy with the Register of Deeds for Butte County, South Dakota. The Declaration was executed pursuant to Ch. 16, Art. 1, §§ 1503 (now codified at SDCL 11–3–16), 1504 and 1505 (now combined and appear at SDCL 11–3–17), of the R Pol C of 1903.[1] The Declaration sets forth a metes and bounds description of the area to be vacated. Apparently, included within the description are the streets in question in the case before us. The title

---

1. Section 1503 read:

Any plat of any town or city or addition *thereto, or any subdivision* of land, may be vacated by the proprietors thereof at any time before the sale of any lots therein, by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated; and the executing and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, *and to divest all public rights in the streets,* alleys, commons and public grounds laid out as described in such plat. And in cases where any lots have been sold the plat may be vacated as herein provided by all the owners of lots in such plat joining in the execution of the writing aforesaid.

Section 1504 read:

Any part of a plat may be vacated under the provisions and subject to the conditions of this article; *Provided,* such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and, *Provided, further,* that nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law. (emphasis in original).

Section 1505 read:

When any part of a plat shall be vacated as aforesaid the proprietors of the lots so vacated may inclose the streets, alleys, and public grounds adjoining said lots in equal proportion.

question before us then involves the ownership of streets originally dedicated for public use in 1906 and allegedly legally vacated in 1907.

█ The threshold question addressed in this case is whether appellants' failure to submit findings of fact and conclusions of law, as requested by the trial court in this summary judgment action, deprives this court of jurisdiction of this appeal. SDCL 15–6–52(a) states: "Findings of fact and conclusions of law are unnecessary under ... 15–6–56 ...." SDCL 15–6–56 deals with summary judgment actions. Despite this statutory exception, appellee still contends the failure to comply with the trial court's request for such findings deprives this court of jurisdiction to hear the case. Wright & Miller, in discussing Rule 52(a) from which our statute SDCL 15–6–52(a) derives, point out that although findings may be helpful to appellate courts in summary judgment actions they are clearly not required under Rule 56 (SDCL 15–6–56). 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2575 (1971). We cannot find, and appellee does not cite, any authority for their novel proposition that failure to respond to a trial court's request for findings in a summary judgment action deprives an appellate court of jurisdiction. This, coupled with the knowledge that no genuine issue of fact exists in summary judgment actions, leads us to reject appellee's argument and conclude this court does have jurisdiction to hear the case at hand.

█ Appellants contend the trial court erred in concluding the mere filing of a plat pursuant to state law vests fee simple title to streets and alleys located therein. This court has stated:

Dedication is generally defined as the devotion of property to a public use by an unequivocal act of the owner that manifests an intention that the property dedicated shall be accepted and used presently or in the future. The intention of the owner to dedicate and acceptance thereof by the public are essential elements of a complete dedication. (citations omitted).

*Tinaglia v. Ittzes,* 257 N.W.2d 724, 728–29 (S.D.1977). Neither party disputes that the appellants' predecessors-in-interest intended to dedicate the streets and alleys in question to public use. The question presented is whether public acceptance, if required, was timely made.

Acceptance by the public was not required by statute until 1915 when what is now SDCL 11–3–6 [2] was enacted. It requires the examination of plats and their approval by the governing body before they could be recorded. Appellee notes the statutory law in effect in 1906 when the streets in the Belle View Subdivision were dedicated did not require approval by the municipality. In effect, appellee contends the recording of this plat in accordance with what is now SDCL 11–3–12 dedicates the disputed streets and alleys to the public forever without the necessity of a public acceptance. We cannot agree with this interpretation.

While there appears to be a split of authority on the question of whether an acceptance is necessary in cases of statutory dedication where statutory approval is not required, we believe the better rule in this state is that an acceptance is necessary. In 1905, this court touched on the acceptance

2. SDCL 11–3–6 reads:

The provisions of this chapter shall apply to every addition to, or subdivision within, any county, municipality or unincorporated town. If the land or any part thereof included in any addition or subdivision is within, adjoining, or contiguous to the boundaries of any municipality, the plat, before being recorded, shall be submitted to the governing body thereof, which shall examine the same. If it appears that the system of streets set forth therein conforms to the system of streets of the existing plats of the municipality, that all provisions of any subdivi-

sion regulations have been complied with, that all taxes and special assessments upon the tract or subdivision have been fully paid, and that such plat and the survey thereof have been executed according to law, the governing body shall, by resolution, approve the same. The auditor or finance officer shall endorse on such plat a copy of the resolution and certify to the same. No plat of any such addition or subdivision so situated shall be entitled to record or be recorded unless the same bears a copy of such resolution and certificate of the auditor or finance officer.

issue when it stated that "[c]onduct on the part of the owner that is clearly expressive of an intention to dedicate usually amounts to dedication, if acted upon by the public in a manner which clearly justifies the inference of an acceptance." *Larson v. Chicago, M. & St. P. Ry. Co.,* 19 S.D. 284, 289–290, 103 N.W. 35, 37 (1905). Prior to that time, this court stated acceptance could be evidenced by use of the streets by the public. *Mason v. City of Sioux Falls,* 2 S.D. 640, 51 N.W. 770 (1892). While both of these cases dealt with common-law dedication, it is important to note that courts at that time "made no distinction between a common-law and a statutory dedication, except in vesting title in the corporation in certain cases of statutory dedication." *Sweatman v. Bathrick,* 17 S.D. 138, 160, 95 N.W. 422, 428 (1903) (citations omitted). Thus, we hold that, even though a statutory duty of acceptance was not imposed until 1915, intent by the owner to dedicate and acceptance by the public, in some manner, were essential elements of a complete dedication prior to that time. Accordingly, the mere filing of a plat without public acceptance does not vest fee simple title to streets and alleys in appellee, rather it is simply an offer to dedicate.

▮ Appellants next contend that the offer to dedicate the platted streets was revoked by the filing of a Declaration of Vacancy before the public had accepted the offer. It is settled that land offered for public use cannot be revoked if it has already been accepted for public use. *Atlas Lumber Co. v. Quirk,* 28 S.D. 643, 135 N.W. 172 (1912). In the case at hand, there was no formal acceptance of the offer to dedicate and the record does not reveal any evidence of implied acceptance in the form of regular use of the streets in question by the public. In fact, the record is devoid of any evidence as to whether the streets were ever graded, surfaced or maintained. We conclude no formal or informal acceptance was made by the public *before* the Declaration of Vacancy was filed.

Revocation in this case turns upon the validity of the Declaration of Vacancy. Appellee argues the Declaration is invalid for several reasons. First, appellee contends the statutory procedures followed by appellants' predecessors-in-interest were not intended for vacating streets and, second, that vacating streets and alleys is prohibited by law. We address each argument in turn.

▮▮ Appellee contends the appellants' predecessors-in-interest use of what is now SDCL 11–3–16 and 11–3–17 to vacate the property in question was improper in light of this court's holding in *In re Mackrill's Addition,* 85 S.D. 196, 179 N.W.2d 268 (1970). Appellee is apparently arguing that this method of vacating was improper because the appellants' predecessors-in-interest were attempting to vacate a street. We cannot agree with appellee's application of *Mackrill, supra,* to the case at hand. *Mackrill, supra,* involved an action to vacate a portion of a plat under SDCL 11–3–20 to 11–3–26. In fact, the petition was intended to vacate an *existing* street which the petitioner had previously sought unsuccessfully to abandon under SDCL 9–45–7 to 9–45–13. The court held that actions to vacate streets, alleys or public ground or parts thereof that are *actually in existence* should be dealt with under SDCL 9–45–7. *Mackrill* is clearly inapplicable to the case at hand. Here, we have streets which are not being used by the public and have not been accepted by the public; *Mackrill* was just the opposite in both respects. We find *Mackrill* inapposite to the case at hand and conclude vacation of the property involved here was properly taken under what is now SDCL 11–3–16 and 11–3–17. Moreover, we believe any defects which may have existed in the original declaration of vacancy were validated in the curative statute originally enacted at 1953 S.D.Sess.L. ch. 266 and now codified with some modifications at SDCL 11–3–19.[3]

**3.** SDCL 11–3–19 provides:

Any proceedings conducted before January 1, 1979, for the vacation of any plat, or any por-

tion or part thereof, which plat was laid out pursuant to this chapter, whether the land included in the plat, or any portion or part there-

■■ Appellee's second reason for contending the Declaration of Vacancy is null and void comes from what is now SDCL 11–3–17, which provides, in part:

Nothing contained in this section shall authorize the closing and obstructing of any public highway laid out according to law.

Appellee asserts the streets sought to be vacated were by definition "highways" within the context of SDCL 11–3–17 and any attempt to vacate them would be null and void. Although the statute was not in effect at the time of this transaction, we agree with appellee that streets and alleys do come within the definition of highways, as stated in SDCL 31–1–1, which provides:

Every way or place of whatever nature *open to the public,* as a matter of right, for purposes of vehicular travel, is a highway. The term "highway" shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities, or other institutions but such term may be deemed to include a roadway or driveway upon grounds owned by any state agency, college, university, or institution if the governing agency, board or commission by resolution so determines and the department of transportation concurs therein. (emphasis supplied)

*See also In re Mackrill's Addition, supra.*

The crucial element, however, is the phrase "open to the public." Here, the Declaration of Vacancy was filed before the dedication was accepted by the public in any form. Appellee does not assert, nor is

there sufficient credible evidence in the record to indicate, that the streets were "open to the public" and actually used by the public between the time of the offer to dedicate and the Declaration of Vacancy. We conclude that the prohibition in SDCL 11–3–17 against closing highways refers to operating or existing highways and not to highways which have neither been accepted nor used by the public. Accordingly, we find the Declaration of Vacancy in this case to be valid.[4]

■ Finally, we turn to appellee's assertion that the failure of the register of deeds to mark the property as vacated on maps as required under what is now SDCL 11–3–18 prejudices appellants' case. The recording of the Declaration of Vacancy with this office provided constructive notice to appellee that vacancy was effective despite the register of deeds' failure to comply with SDCL 11–3–18. Moreover, appellants should not be penalized for the failure of a county official to properly perform his or her duty and the failure of appellee to thoroughly check the records.

We have reviewed the other arguments offered by the parties and find them to be without merit.

Accordingly, we reverse the judgment of the trial court and remand the case for a determination of compensation owed to appellants for the easement created by appellee's construction of a sewer line across appellants' property.

All the Justices concur.

---

of, is or was, at the time of the proceedings for vacation of the plat, or any portion or part thereof, within or without the boundaries of a municipality, and which plat, or any portion or part thereof has, before January 1, 1979, in the proceedings, being vacated in accordance with § 11–3–16 or § 11–3–17 is hereby declared to be, and to have been, a valid vacation of the plat, or any portion or part thereof, and the proprietors of the lots so vacated may inclose the streets, alleyways and public grounds adjoining such vacated lots, and all public rights thereto divested.

If any person has any vested right in any property *by reason of any plat vacation re*ferred to in this section, if no action or proceed-

ing to enforce such right was commenced prior to July 1, 1981, such right shall be forever barred; and no action or proceeding so brought *shall be of any force or effect, or maintainable* in any court of this state, unless prior to July 1, 1981, there was recorded in the office of the register of deeds of the county in which the real property affected is situated, a notice of the pendency of such action, in accordance with the provisions of chapter 15–10.

4. We express no opinion as to the exact coverage of the Declaration of Vacancy, although both parties assert in their briefs that it does encompass the streets in question.