STATE of South Dakota, DEPART-
MENT OF REVENUE, Plaintiff
and Appellant,

v.

Bruce E. THIEWES and Jesse Lee,
Defendants and Appellees.

No. 16507.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1989.

Decided Nov. 15, 1989.

John Dewell, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

James E. Carlon, Pierre, Gerald L. Kaufman, Jr., Huron, for defendants and appellees.

PER CURIAM.

### CASE SUMMARY

Department of Revenue (Department) appeals a summary judgment dismissing its action seeking to collect unpaid sales taxes owed by Inland Marine Sports, Inc.'s (Inland Marine) from corporate officers Bruce E. Thiewes (Thiewes) and Jesse Lee (Lee) personally. We reverse.

### FACTS

In 1983, Thiewes and Lee were officers of Inland Marine. Inland Marine provided Department with a $5,000 surety bond, effective March 15, 1983. Department determined the amount of Inland Marine's bond.

Inland Marine failed to pay its sales taxes for April through August 1983 and subsequently filed bankruptcy. Western Surety Company paid Department the $5,000 proceeds from Inland Marine's bond following Department's demand.

Department initiated this lawsuit against corporate officers Thiewes and Lee personally seeking $9,334.44 for delinquent sales taxes and $6,821.14 in interest. Lee and Thiewes moved for summary judgment arguing that Inland Marine had posted a sales tax bond with Department pursuant to SDCL 10–45–55 to assure that the corporate officers would not be personally liable for the failure to pay the tax due and to assure payment of sales taxes. Under SDCL 10–45–55 corporate officers are personally liable for the corporation's failure to pay the tax due unless they elect not to be *and* the corporation provides Revenue "with a surety bond or certificate of deposit as security for payment of any tax that may become due." The amount of the bond "shall be in an amount equal to the estimated annual gross receipts multiplied by the applicable sales or excise tax rate." SDCL 10–45–55.

In its responding affidavit Department admitted making demand upon the surety and applying the bond proceeds to Inland Marine's tax obligation. Department noted that Inland Marine's bond was insufficient to pay its tax indebtedness and insufficient to cover its anticipated annual sales tax obligation. Department alleged, in part,

1. That Inland Marine Sports, Inc. posted a sales tax bond of $5,000.00 effective March 15, 1988, [sic] as required by the State of South Dakota, Revenue Department for issuance of a sales tax license; [SDCL 10-45-26].

2. That no request was made by any officer of Inland Marine Sports, Inc. to post a bond with the Department of Revenue [under SDCL 10-45-55] to elimiate [sic] personal liability of such officers for the sales tax obligation of the corporation[.]

Department relies upon SDCL 10-45-26 which gives the Secretary of Revenue the discretion to require an applicant for a sales tax permit to furnish a bond or other adequate security as security for payment of sales taxes.

The trial court construed SDCL 10-45-26 and SDCL 10-45-55 and granted summary judgment in favor of Thiewes and Lee, holding that the $5,000 bond posted by Inland Marine relieved Thiewes and Lee from personal liability for Inland Marine's unpaid taxes.

## ISSUE

Department argues that this case presents a genuine issue of material fact which precludes the issuance of summary judgment. Department properly phrases the issue as:

where the affidavit of [Department] in response to [Thiewes and Lee's] motion and affidavit for summary judgment asserted that a bond posted by [Inland Marine] did not cover anticipated sales tax obligation while [Thiewes and Lee's] affidavits asserted that they had fulfilled this obligation, was there a genuine issue of material fact which should have prevented the court from issuing a summary judgment?

## DECISION

Summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." SDCL 15-6-56(c).

Certain guiding principles on the use of summary judgment have evolved. They are: (1) The evidence must be viewed most favorable to the nonmoving party; (2) The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; (3) Though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists. (4) A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious it would be futile to try them. (5) Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant. (6) Where, however, no genuine issue of fact exists it is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

*Wilson v. Great Northern Railway Company*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968).

■ We have viewed the evidence in the light most favorable to Department. We conclude that Thiewes and Lee failed to meet their burden of demonstrating that they posted the required bond under SDCL 10-45-55. Thiewes and Lee merely alleged that Inland Marine posted the bond pursuant to SDCL 10-45-55 in order to absolve the corporate officers from liability. They provided no documentation to indicate that

the two-pronged test of SDCL 10–45–55 (election by the corporate officers not to be personally liable *and* bond in an amount equal to the estimated gross annual receipts) was met. Their affidavits are conclusory. An agent of Department filed an affidavit that the bond did not cover a year's gross receipts. Therefore, the evidentiary material offered in support of the motion for summary judgment was insufficient to establish a prima facie case and summary judgment should not have been granted. *Wm. Collins, Inc. v. S.D. State Bd. of Transp.*, 264 N.W.2d 491 (S.D.1978).

■ Lastly, we note that the bond posted must be in compliance with both SDCL 10–45–26 and SDCL 10–45–55. These statutes are independent and interlocking; however, compliance with one does not provide compliance with the other. Facts must be developed below to decide this case.

We reverse and remand for trial on the merits.

MILLER, J., disqualified.