Roger **HINES,** Plaintiff–Respondent,

v.

**Albert L. THORNTON and Beverly L. Thornton,** Defendants–Appellants.

No. 19945.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 12, 1996.

---

Thomas D. Carver, Holden, Von Willer & Carver, Springfield, for appellants.

Christopher J. Stark, Springfield, for respondent.

PARRISH, Judge.

Albert L. Thornton and Beverly L. Thornton (defendants) appeal a judgment awarding Roger Hines (plaintiff) damages for breach of implied warranty of habitability regarding the condition of a residence located on a parcel of land defendants sold plaintiff. Defendants contend there was no implied warranty of habitability because the home they sold was not a new home and they were not vendors-builders as that term is used in *Smith v. Old Warson Dev. Co.*, 479 S.W.2d 795 (Mo. banc 1972).

This court reverses and remands with directions that judgment be entered for defendants.

Plaintiff entered into a contract to buy a parcel of real estate in Jasper County, Missouri, from defendants. The contract was dated March 6, 1985. The residence that is the subject of this appeal is located on the property. It is a single-family dwelling; a berm house with three sides and the roof covered with earth.

Defendants lived in the house for almost four years before they sold it to plaintiff. Albert Thornton designed the house. It is a poured concrete structure with 2½ to 3 feet of earth covering its sides and top. Defendants contracted with another person to do most of the construction, including pouring the concrete and covering it with earth. Albert finished the inside of the house, including constructing the fireplace mantle, installing cabinets, finishing the bathroom and painting. Someone else built the fireplace.

Plaintiff first saw the house in February 1985. He inspected the house, looking in all the rooms except one bedroom. It was locked. Albert Thornton was in the process of repairing water damage on the ceiling in the living room while plaintiff was at the house. The contract that the parties entered into on March 6, 1985, gave plaintiff the right to inspect the premises. However, he made no further inspection prior to the sale closing.

After plaintiff took possession of the house, he discovered mold and mildew in the bedroom he had not entered when he looked at the house in February. In May 1985, a water line broke flooding the house.

The trial court found that defendants breached an implied warranty of habitability with respect to the house. Defendants contend the trial court erred in holding there was an implied warranty of habitability because "(A) Albert and Beverly Thornton were not 'builder/vendors' of the residence,

(B) Albert and Beverly Thornton had no notice of a structural defect in the residence, (C) Roger Hines was aware of the claimed defect following his inspection of the residence prior to its purchase and (D) the residence was not a 'new residence' as it must be in order for a warranty of habitability to exist."

■ A cause of action for implied warranty of habitability of a house was established in *Smith v. Old Warson Dev. Co., supra.* The court observed, quoting from *Humber v. Morton,* 426 S.W.2d 554, 562 (Tex.1968), "The caveat emptor rule as applied to new houses is an anachronism patently out of harmony with modern home buying practices." *Smith,* 479 S.W.2d at 801. The cause of action is directed to structural defects that a builder-vendor has the opportunity to observe but fails to correct; defects that, through the construction process, become latent and not subject to discovery by inspection. *Id.*

■ The cause of action is available to the first buyer of a new house purchased from a builder-vendor. It applies to houses built for purposes of resale to the public. "[I]t is essential that the sale be 'commercial rather than casual or personal in nature.'" *Mobley v. Copeland,* 828 S.W.2d 717, 729 (Mo.App. 1992), quoting *Klos v. Gockel,* 87 Wash.2d 567, 554 P.2d 1349, 1352 (banc 1976).

■ There is no established duration between the time construction is completed and a house is sold for purposes of deeming it to be "new." The fact that a house sits unsold for several months after its completion does not deprive its first purchaser from recovery for breach of implied warranty of habitability. *Snowden v. Gaynor,* 710 S.W.2d 481, 485–86 (Mo.App.1986). Nor does a house lose its "new" character because people lived in it a short time while it sat unsold. *Id.* at 486. However, if a house is lived in for an extensive period of time by persons who built the house for their personal residence, it is not "new." *See Mobley v. Copeland, supra,* (the sellers lived in the house for twelve years before they sold it).

■ Defendants' purpose in building the house in question was not resale to the pub-

lic. They built it for use as their own residence and used it for that purpose for almost four years. The house was not new when it was purchased by plaintiff.

Plaintiff had the opportunity to inspect the house to ascertain its merchantable quality and fitness. Sufficient time had passed for structural defects to be discoverable. There was no evidence, however, that plaintiff conducted a careful inspection of the house. A cause of action for implied warranty of habitability does not exist under these facts.

The judgment is reversed. The case is remanded. The trial court is directed to enter judgment for defendants.

SHRUM, C.J., and PREWITT, P.J., concur.