1999 SD 157

Lonny C. **PARMELY** and Jeanny E. **Parmely, Plaintiffs and Appellants,**

v.

Tom **HILDEBRAND** and Glenda Hildebrand, **Defendants and Appellees, and Third Party Plaintiffs,**

v.

Walt Simons Real Estate, Third Party Defendant.

No. 20892.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1999.

Decided Dec. 22, 1999.

---

Courtney R. Clayborne of Johnson, Eiesland, Huffman and Clayborne, Rapid City, South Dakota, Attorneys for plaintiffs and appellants.

Rodney W. Schlauger and Gregory J. Erlandson of Bangs, McCullen, Butler, Foye and Simmons, Rapid City, South Dakota, Attorneys for defendants and appellees, and third party plaintiffs.

SABERS, Justice.

[¶ 1.] Lonny and Jeanny Parmely (Parmely) appeal an Order granting Tom and Glenda Hildebrand's (Hildebrand) motion for summary judgment. We reverse and remand Issues 1 and 2, but affirm Issue 3.

## FACTS

[¶ 2.] Hildebrand constructed a house north of Sturgis for his family in 1988. Parmely, buyer, purchased the home from Hildebrand, the seller, in 1994. While he had never built a home before, Hildebrand has now been involved in residential construction for twenty years as a concrete/masonry contractor in western South Dakota. He agrees that he had a duty to construct the home in a good workmanlike manner. He did not consult an engineer or an architect before or during construction. In 1989, a few months after the house was completed, Hildebrand experienced structural problems with the home. Hildebrand claims that it was at this time that he discovered the home was built on expansive soils, which causes the soil to expand when it becomes wet. Hildebrand indicated he had heard the term "expansive soils" during his employment as a contractor, but did not know what it meant. Parmely claims that building on this soil caused the house to settle. Consequently, in 1991, Hildebrand replaced the interior walls and floors of the home and performed extensive landscaping to the property in an attempt to remedy the effects of the settling.

[¶ 3.] In the early months of 1994, Hildebrand decided to sell their home. On February 11, 1994 and July 23, 1994, Hildebrand completed the seller's property disclosure statements for this property. An attached addendum, drafted by Hildebrand's attorney, provides:

We moved into this house on November 22, 1988. We did not have it com-

pleted due to the weather. The area incomplete on the outside of the structure was missing rain gutter[s] and downspouts and part of the foundation was not back-filled.

In the Spring of 1989, we had rain lasting for 9 days that totaled 7 or 8 inches. All of this moisture coming off the roof with no rain gutter[s] caused the backside of the house to settle. We had drain tile already installed and, because of that, all the water was evenly distributed. The only cracking on the back wall is on the garage. This is a hairline crack which has not moved since it happened.

When the house settled, the inside floors stayed in place, which caused the interior walls to crack. We had an engineer from the School of Mines come and explain to us exactly what had happened and what to do about it. He explained the area all around us is known to have shale and gumbo for soil. We had a soil test done to confirm this. The engineer advised us to wait two years and let the soil completely dry out before trying to fix it.

In the Spring of 1991, we moved into the upstairs and removed all of the interior walls and floors and replaced them. Since that time, we have had some sheetrock cracking in the kitchen/living room area, master bedroom area and other bedroom. These have all been repaired. The kitchen floor had a crack, which is normal for the size of the floor. We filled the crack and replaced the 14 tile[s] it affected. On the outside of the house, we have poured patios and sidewalks in the front and back to prevent water from getting close to the foundation of the house.

[¶ 4.] In the fall of 1994, Parmely bought this home and the 42 acres of land it was situated upon. The purchase was arranged through Parmely's real estate agent, Walt Simons. Parmely signed a receipt for the disclosure statements, as well as the attachment. Parmely began experiencing problems with the settling of the house in February of 1995; namely,

the doors did not fit properly, the roof leaked, the walls and floors were cracking, certain windows would not close, the floor was swelling and there was a bug infestation problem.

[¶ 5.] Parmely sued Hildebrand alleging failure to disclose known defects as required by SDCL 43–4–44, fraudulent concealment, mutual mistake, failure of consideration, fraud, negligent construction, and breach of warranty. Hildebrand brought a third party action against Parmely's realtor, Walt Simons, which was dismissed and not appealed. On December 4, 1998, Hildebrand made a motion for summary judgment claiming: (1) Hildebrand satisfied the mandates of SDCL ch. 43–3 in disclosing the condition of the home as it existed at the time the disclosure was completed; (2) Parmely's claim for negligent construction fails as a matter of law; (3) Parmely was barred under the doctrine of assumption of the risk; and (4) Parmely's breach of warranty claim failed as a matter of law. Parmely opposed each element of Hildebrand's motion except the breach of warranty issue. The circuit court granted Hildebrand's motion for summary judgment on December 22, 1998. Parmely appeals.

[¶ 6.] The issues on appeal are:

1. Whether genuine issues of material fact exist that Hildebrand adequately disclosed all known information pursuant to SDCL ch. 43–4.

2. Whether genuine issues of material fact exist that Hildebrand made fraudulent representations in connection with the sale of the home.

3. Whether genuine issues of material fact exist that Hildebrand was negligent in construction of the home.

## STANDARD OF REVIEW

[¶ 7.] Our standard of review for summary judgment is well established:

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and

showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Campion v. Parkview Apartments,* 1999 SD 10, ¶ 22, 588 N.W.2d 897, 902 (quoting *Wildeboer v. S.D. Junior Chamber of Comm.,* 1997 SD 33, ¶ 9, 561 N.W.2d 666, 668 (citation omitted)). "The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *Wildeboer,* 1997 SD 33, ¶ 10, 561 N.W.2d at 668–69 (quoting *State Dept. of Revenue v. Thiewes,* 448 N.W.2d 1, 2 (S.D.1989) (citation omitted)). "[T]he benefit of any doubt about whether there is a material issue of fact goes to the nonmoving party." *Trammell v. Prairie States Ins. Co.,* 473 N.W.2d 460, 462 (S.D. 1991) (citations omitted).

[¶ 8.] **1. WHETHER GENUINE IS-SUES OF MATERIAL FACT EX-IST THAT HILDEBRAND ADE-QUATELY DISCLOSED ALL KNOWN INFORMATION PURSU-ANT TO SDCL ch43–4.**

[¶ 9.] In South Dakota, "caveat emptor" is a doctrine of the past when it comes to transferring real property. *See Engelhart v. Kramer,* 1997 SD 124, ¶ 20, 570 N.W.2d 550, 554. South Dakota Codified Laws 43–4–38 mandates that all sellers of residential property provide a completed disclosure statement to a buyer.[1] This disclosure statement must be completed in *good faith.* SDCL 43–4–41.[2] As long as the seller truthfully completed the disclosure statement, he will not be liable for those defects. SDCL 43–4–40.[3] Hildebrand asserts that he complied with these mandates. His appellate brief states: "[t]he disclosures were more than adequate to put the Parmelys on notice that a variety of significant problems had occurred in the home." However, the statutes require a *complete and truthful* disclosure made in good faith, not a disclosure simply sufficient to put the buyer on notice of the defects.

[¶ 10.] Parmely argues that Hildebrand knew of the structural problems with the house when he sold it and that the disclosure was inadequate because it failed to indicate that these problems may still exist; in fact, Parmely argues it was misleading in indicating that the problems were remedied.

[¶ 11.] Clearly, there are genuine issues of material facts whether Hildebrand's disclosure complied with the statutory requirements of SDCL ch. 43–4. Whether Hildebrand fully disclosed his knowledge of the conditions of the property or merely danced around them, as claimed by Parmely, is disputed and not subject to summary judgment. Thus, Hildebrand has not met

1. SDCL 43–4–38 provides:

   The seller of residential real property shall furnish to a buyer a completed copy of the disclosure statement before the buyer makes a written offer. If after delivering the disclosure statement to the buyer or the buyer's agent and prior to the date of closing for the property or the date of possession of the property, whichever comes first, the seller becomes aware of any change of material fact which would affect the disclosure statement, the seller shall furnish a written amendment disclosing the change of material fact.

2. SDCL 43–4–41 provides: "The seller shall perform each act and make each disclosure in good faith."

3. SDCL 43–4–40 states: "Except as provided in § 43–4–42, a seller is not liable for a defect or other condition in the residential real property being transferred if the seller truthfully completes the disclosure statement."

his burden as movant "to show clearly that there is no genuine issue of material fact [entitling him] to judgment as a matter of law." *Wildeboer*, 1997 SD 33, ¶ 18, 561 N.W.2d at 670 (quoting *Thiewes*, 448 N.W.2d at 2).

[¶ 12.] **2. WHETHER GENUINE IS-SUES OF MATERIAL FACT EX-IST THAT HILDEBRAND MADE FRAUDULENT REPRESENTA-TIONS IN CONNECTION WITH THE SALE OF THE HOME.**

[¶ 13.] For the same reasons, genuine issues of material fact exist whether Hildebrand made fraudulent representations as to the sale of the home.

[¶ 14.] We reverse and remand Issues 1 and 2 for trial.

[¶ 15.] **3. WHETHER GENUINE IS-SUES OF MATERIAL FACT EX-IST THAT HILDEBRAND WAS NEGLIGENT IN THE CONSTRUC-TION OF THE HOME.**

[¶ 16.] Hildebrand constructed this house for his family. He did not build it for resale to Parmely or anyone else. There is a distinction between those who sell homes built for their own personal use (private homeowner-vendor) and those who sell homes built specifically for resale (builder-vendor). *Bagnowski v. Preway, Inc.*, 138 Wis.2d 241, 405 N.W.2d 746, 748–50 (Wis.App.1987) (the homeowner, a part-time electrician, who allegedly negligently installed a fireplace and chimney, cannot be considered a builder-vendor, where he built the home as his personal residence and occupied it for four years before selling it, because he was not in the business of building homes for sale). *See also Hines v. Thornton*, 913 S.W.2d 373 (Mo. App.1996) (where a builder-owner lived in a house for almost four years prior to selling it, his purpose was to use the dwelling as a private residence, not for resale to the public); *Haygood v. Burl Pounders Realty, Inc.*, 571 So.2d 1086 (Ala.1990) (the fact that the homeowners were partners in the building company that built the house does not change the fact that it was their residence, as evidenced by their inhabiting the home for almost three years prior to selling it).

[¶ 17.] "An elemental require-ment to liability founded on negligence is the existence of a duty of care owed by the wrongdoer to the person injured or to a class of which he is a member." *Waggon-er v. Midwestern Development, Inc.*, 83 S.D. 57, 61, 154 N.W.2d 803, 805 (1967). We recognize that builder-vendors owe the same duty of care to a home buyer as a manufacturer of goods would owe to its customer. *Id.* at 806. However, *private homeowner-vendors* do not owe the same duty of care to buyers as do *builder-ven-dors*. *See Bagnowski*, 405 N.W.2d at 749–50.

[¶ 18.] This court has recognized that beyond what is required under our disclo-sure statutes, there is no duty owed by the seller to the buyer as it relates to the manner of construction. As we stated in *Engelhart*, 1997 SD 124, ¶ 10, 570 N.W.2d at 552: "The disclosure form mandated by SDCL 43–4–44 establishes that beyond the [statutory] obligations, there is no warran-ty passing from the seller to the buyer[.]" SDCL 43–4–44 requires the following to be included in the disclosure statement:

THIS STATEMENT IS A DISCLO-SURE OF THE CONDITION OF THE ABOVE DESCRIBED PROPER-TY.... IT IS NOT A WARRANTY OF ANY KIND BY THE SELLER OR ANY AGENT REPRESENTING ANY PARTY IN THIS TRANSACTION AND IS NOT A SUBSTITUTE FOR ANY INSPECTIONS OR WARRAN-TIES THE PARTIES MAY WISH TO OBTAIN.

[¶ 19.] Here, Hildebrand is not a builder-vendor. He is a private homeowner-ven-dor. The record shows that he lived in the home for six years before deciding to put it on the market. Although Hildebrand's profession was masonry/concrete work,

this is not the same as being a professional home builder. What work he might have performed on his own home was done in the role of a homeowner, not a builder with intentions of resale. At the time the home was constructed, six years prior to its sale, there was no relationship between Hildebrand and Parmely that would give rise to any imposition of duty on Hildebrand. Therefore, Hildebrand had no duty to Parmely as it related to the manner of construction and summary judgment on the negligence issue was proper.

[¶ 20.] We affirm summary judgment on Issue 3.

[¶ 21.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and, GILBERTSON, Justices, concur.

