2002 SD 53

**Thomas J. BERGIN and Dannette B. Bergin, Plaintiffs and Appellees,**

v.

**Alan BISTODEAU, Jody Bistodeau, and Andy Block, Defendants and Appellants.**

**and**

**City of Hill City, Defendant.**

**No. 22031.**

Supreme Court of South Dakota.

Considered on Briefs March 25, 2002.

Decided May 8, 2002.

Robert M. Nash of Wilson, Olson, Nash & Becker, Rapid City, South Dakota, for plaintiffs and appellees.

Mark S. Falk, Falk Law Office, Rapid City, South Dakota, for defendants and appellants.

SABERS, Justice.

[¶ 1.] Thomas and Dannette Bergin (Bergin) filed suit against Alan and Jodi Bistodeau and Andy Block (Bistodeau) and the City of Hill City, South Dakota (City), alleging that City condemned a portion of Bergin's property, a dedicated access easement, by rezoning Bistodeau's property. Bergin sought a temporary restraining order to prevent Bistodeau and City from taking any further action regarding the access easement until the trial court could determine whether the access easement had been publicly dedicated and whether City's actions regarding the easement were proper. Bistodeau moved to dismiss and then requested that the trial court convert the motion to dismiss into a motion for summary judgment. The trial court converted the motion to one for summary judgment but then granted summary judgment to Bergin. Bistodeau appeals. We reverse.

## FACTS

[¶ 2.] Bergin owns Lots 1–9 of the Wheaton Addition in Hill City, South Dakota, which he purchased from Gene Rada. Rada acquired Lots 1–4 from Violet Wheaton in 1972, Lot 5 from Teresa Madison in 1977, Lots 6–8 from Guy Phillips in 1975, and Lot 9 from Mollie Evans in 1981. Lots 1–9 are bordered on the north by Outlot 1, which is currently owned by Bistodeau. The only means of access to Outlot 1 is through Lots 1–9. See Appendix 1.

[¶ 3.] The 1973 contract for deed for the sale of Lot 5 reserved a full and unrestricted right of way to Outlot 1 across Lot 5. The deed provided that:

> Buyer [Rada] agrees that Seller [Madison] shall have full and unrestricted right of way across the above described real estate [Lot 5] for the purpose of access to lots [Outlot 1] owned by Seller, his heirs and assigns, provided that Buyer has unrestricted use for the purpose of construction and maintenance of water, sewer and related utility lines only.

Lot 5 was specifically dedicated as an access easement to Outlot 1. In February 1986, Rada requested that City vacate the 1975 dedicated access easement on Lot 5 in return for a dedicated access easement on Lots 6 and 7. On February 24, 1986, City, through a formal resolution, officially accepted the offer of the dedicated access easement. See Appendix 2.

[¶ 4.] Bergin purchased Lots 1–9 from Rada in 1990. The contract for deed described the sale of property as "Lots One (1) through Nine (9), inclusive, in Block One (1) of Wheaton Addition to Hill City, Pennington County, South Dakota, less Dedicated Access Easement[.]"

[¶ 5.] Outlot 1 was originally zoned as a residential area. Over the years, the character and use of the property changed and, in 2000, Bistodeau requested that Hill City rezone Outlot 1 for commercial or light industrial purposes. The Pennington County Planning and Zoning Commission recommended approval. Despite the recommendation, City denied the rezoning request on December 11, 2000, after concluding that Outlot 1 did not abut a street or alleyway as required by City ordinance.

[¶ 6.] On January 19, 2001, Bistodeau asked that City reconsider his rezoning request and argued that the dedicated access easement on Lots 6 and 7 did fit within the definition of a street as defined

by City ordinance. City agreed, and on January 30, 2001, granted the rezoning request.

[¶ 7.] On February 2, 2001, Bergin filed suit against Bistodeau and City arguing that the rezoning decision condemned a portion of Bergin's property. He also requested that the trial court determine whether condemnation of the easement would be necessary to comply with state and local laws. Bergin sought a temporary restraining order to prevent Bistodeau from running sewer and water lines across the easement and to prevent City from taking any further action concerning the easement until the trial court determined whether City was correct in its determination that the easement was a public street or alley.

[¶ 8.] On February 2, 2001, Bergin made a motion for a temporary restraining order to prevent Bistodeau from running water and sewer lines across the easement. A hearing was held on February 5, 2001. On February 21, 2001, Bistodeau moved to dismiss Bergin's complaint on the grounds that: (1) Bergin lacked standing to bring the suit because he had no ownership interest in the easement; and (2) that the easement was a public street under local ordinances. City joined in Bistodeau's motion to dismiss on February 22, 2001.[1] On March 7, 2001, Bistodeau requested that the motion to dismiss be converted into a motion for summary judgment, which was granted. However, the trial court granted Bergin's February 2, 2001 motion for an interim order and enjoined Bistodeau from using the easement for anything other than its normal use. The trial court also set a date for trial and determined that Bistodeau's motion to dismiss would be heard at that time.

[¶ 9.] The trial court heard testimony and examined evidence at a hearing on April 2, 2001. On May 16, 2001, the trial court issued its findings of fact and conclusions of law determining that: (1) Bergin owned Lots 1–9; (2) Bergin did not own the dedicated access easement; (3) the dedicated access easement across Lots 6 and 7 "was not intended to create a dedication to public use but only a private right of access to Outlot 1 behind Lots 1 through 9, Block 1 of Wheaton Addition[;]" and (4) "[t]hat the dedication in the 1986 Plat was not sufficient to make a public dedication of a street to the City of Hill City." The trial court granted summary judgment to Bergin.

[¶ 10.] Bistodeau appeals arguing that the trial court erred in determining: (1) that the easement was not publicly dedicated; (2) that City had not formally accepted the dedicated access easement; and (3) in improperly enjoining Bistodeau from running sewer and water lines across the dedicated access easement.

## STANDARD OF REVIEW

[¶ 11.] Our standard of review for summary judgment is well established and is "whether a genuine issue of material fact exists and whether the law was correctly applied." *Manuel v. Wilka,* 2000 SD 61, ¶ 17, 610 N.W.2d 458, 462 (citing *Parmely v. Hildebrand,* 1999 SD 157, ¶ 7, 603 N.W.2d 713, 715–16 (citations omitted)).

[¶ 12.] 1. **WHETHER THE TERM "DEDICATED" AS USED IN THE 1986 PLAT DESCRIPTION MEANS A DEVOTION OF PROPERTY TO A PUBLIC USE.**

[¶ 13.] In 1986, Rada, the then owner of Lots 1–9, asked City to vacate the dedi-

---

1. Compare with *Thieman v. Bohman,* 2002 SD 52, 645 N.W.2d 260, where the City of Winner was not joined as an indispensable party to the action.

cated access easement on Lot 5 in exchange for an easement on Lots 6 and 7. The Plat of Revised Easement in Wheaton Addition to Hill City, initially dated February 13, 1986, specifies that:

> Acceptance of this plat by the Common Council of Hill City will cause the vacation of the *dedicated* access easement across Lot 5 as shown on the plat filed in Plat Book 14, Page 92 in the Pennington County Register of Deeds Office and grants a *dedicated* access easement on portions of Lots 6 & 7 in its place.

(emphasis added). *See* App. 1. This Plat was accepted by the Common Council of Hill City on February 24, 1986, and recorded in the Office of Register of Deeds in Pennington County on March 19, 1986, in Book 20, Page 235 of Plats. *See* App. 2. The trial court determined that the 1986 dedication was "not sufficient to make a public dedication[.]" Its findings of fact and conclusions of law provided:

> That the dedicated access easement across parts of Lot[s] 6 and 7 established by Gene and Linda Rada in the Plat in 1986, was *not intended to create a dedication to public use but only a private right of access* to Outlot 1 behind Lots 1 through 9, Block 1 of Wheaton Addition.

(emphasis added).

[¶ 14.] Bergin argues that the trial court was correct in its determination because the language of the 1986 dedication did not include the word "public." He asserts that SDCL 11–3–12 requires a property owner to use the phrase "dedicate to the public" on the plat. This argument, however, fails to fully consider the legal connotation of the word "dedicate."

[¶ 15.] SDCL 11–3–12, provides in part that:

> When the plat or map shall have been made out, certified, acknowledged, and recorded as provided in this chapter, every donation or grant to the public, or any individual, religious society, corporation, or body politic, marked or noted as such on such plat or map, shall be deemed a sufficient conveyance to vest the fee simple title of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against the donor, his heirs, and representatives, to the donee or grantee, his heirs or representatives, for the uses and purposes therein expressed and intended, and no other use and purpose whatever. The land intended to be used for the streets, alleys, ways, commons or other public uses shall be held in trust to and for the uses and purposes expressed or intended.

"Under the provisions of a statute like SDCL 11–3–12, the filing and recording of a plat has been held to manifest an indisputable intention on the part of the owner to *dedicate to public use* that which is designated as public on the plat." *Tinaglia v. Ittzes*, 257 N.W.2d 724, 729 (S.D. 1977) (citing *Ramstad v. Carr*, 31 N.D. 504, 154 N.W. 195 (1915)) (emphasis added).

[¶ 16.] This Court has defined the term "dedication" in property cases and accepted it as a legal term of art, as follows:

> Dedication is generally defined as the *devotion of property to a public use* by an unequivocal act of the owner that manifests an intention that the property dedicated shall be accepted and used presently or in the future. The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication.

*Tinaglia*, 257 N.W.2d at 728–29 (emphasis added) (additional citations omitted). *See*

*also Knight v. Madison,* 2001 SD 120, 634 N.W.2d 540; *City of Belle Fourche v. Dittman,* 325 N.W.2d 309 (S.D.1982). Black's Law Dictionary defines "dedicate" as "[t]o appropriate and set apart one's private property to some public use; as to make a private way public by acts evincing an intention to do so." Black's Law Dictionary 412 (6th ed 1990). The term "dedication" is defined as "[a]n appropriation of land to some public use by or on behalf of the public[.]" *Id.*

[¶ 17.] A dedication is express when the intent is manifested by oral or written words, and is implied when the intent must be gathered from the acts of the dedicator. Otherwise stated, a dedication is express where the appropriation is formally declared, and is implied where it arises by operation of law from the owner's conduct and the facts and circumstances of the case.

*Tinaglia,* 257 N.W.2d at 729 (citing 11 McQuillan, Municipal Corps. (3rd rev ed) § 33.03 at 631). "A statutory dedication is in the nature of a grant based on substantial compliance with the terms of the applicable statute, while a common-law dedication is generally held to rest upon the doctrine of estoppel in pais." *Tinaglia,* 257 N.W.2d at 729 (citing *Larson v. Chicago, M. & St. P. Ry. Co.,* 19 S.D. 284, 103 N.W. 35 (1905); *Cole v. Minn. Loan & Trust Co.,* 17 N.D. 409, 117 N.W. 354 (1908)).

■ [¶ 18.] The access easement on Lots 6 and 7 was established through the express, statutory dedication contained in the 1986 plat and properly recorded. The access easement across Lots 6 and 7 was properly dedicated under SDCL 11–3–12 and was sufficient to make a public dedication. Under the facts of this case, the word "public" need not precede "dedication" in order to evince an intent to dedicate property for public use. Such a requirement would be redundant. The dedication of the access easement across Lots 6 and 7 in the 1986 plat was to the City and for public use. Thus, the trial court erred in its determination that the access easement was only a private easement.

[¶ 19.] **2. WHETHER CITY EXPRESSLY ACCEPTED THE DEDICATED ACCESS EASEMENT.**

[¶ 20.] Bergin argues that there is no evidence that City accepted the access easement. He argues that City did not manifest an intent to accept the access easement because City did not include it on its street map or maintain it.

■ [¶ 21.] Bergin's argument lacks merit. This Court has established that an acceptance is necessary in cases of property dedication. *City of Belle Fourche,* 325 N.W.2d at 311. An "intent by the owner to dedicate and acceptance by the public, in some manner, [are] essential elements of a complete dedication[.]" *Id.* at 312. "[T]he mere filing of a plat without public acceptance does not vest fee simple title to streets and alleys . . . it is simply an offer to dedicate." *Id.* City accepted Rada's offer of a dedicated easement on Lots 6 and 7 by formal resolution on February 24, 1986. This resolution stated: "I, Louella E. Peterson, Acting Finance Officer of Hill City, do hereby certify that at an official meeting held on 2/24/86, the Common Council of Hill City did by resolution approve the within plat." *See* App. 2. Therefore, there was an intent to dedicate and an acceptance by City.

[¶ 22.] **3. WHETHER THE TRIAL COURT PROPERLY ENJOINED BISTODEAU FROM BRINGING WATER AND SEWER TO OUTLOT ONE ACROSS THE DEDICATED ACCESS EASEMENT.**

[¶ 23.] The trial court stated "[t]hat the dedicated access easement does not con-

template placing water, sewer or related utility lines across the dedicated access easement to reach Outlot 1" and "[t]hat the dedicated access easement across parts of Lots 6 and 7 is not an easement which would allow the owners of Outlot 1 to install water, sewer, or related utilities across the easement."

[¶ 24.] The trial court erred in its determination. The language of the 1973 deed from Madison to Rada states:

> Buyer [Rada] agrees that Seller [Madison] shall have full and unrestricted right of way across the above described real estate [Lot 5] for the purpose of access to lots [Outlot 1] owned by Seller, his heirs and assigns, provided that Buyer has unrestricted use for the purpose of construction and maintenance of water, sewer and related utility lines only.

The language of the 1986 dedication from Rada to City states:

> Acceptance of this plat by the Common Council of Hill City will cause the vacation of the *dedicated* access easement across Lot 5 as shown on the plat filed

in Plat Book 14, Page 92 in the Pennington County Register of Deeds Office and grants a *dedicated* access easement on portions of Lots 6 & 7 in its place.

(emphasis added). Under the terms of the 1973 contract for deed, which granted Rada an easement over Lot 5, and the 1986 dedication to City of an access easement over Lots 6 and 7, there were no restrictions placed on the use of the easement. Because the access easement across Lots 6 and 7 was dedicated to the public by Plat under SDCL 11–3–12 and was accepted by City through a formal resolution, the trial court erred in enjoining Bistodeau from bringing water and sewer to his property on said Lots.

[¶ 25.] Accordingly, we reverse.[2]

[¶ 26.] GILBERTSON, Chief Justice, and AMUNDSON and KONENKAMP, Justices and GORS, Acting Justice, concur.

[¶ 27.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

2. Finally, we point out that, because the trial court granted summary judgment, findings of fact and conclusions of law were unnecessary.

> "The question presented by [a summary judgment motion] is whether or not there is a genuine issue of fact. It does not contemplate that the court shall decide such issue of fact, but shall determine only whether one exists." The trial court chose to enter findings of fact and conclusions of law. Since a summary judgment presupposes there is no genuine issue of fact, findings of fact and conclusions of law are unnecessary.

*Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 211, 157 N.W.2d 19, 21 (quoting *Ramsouer v. Midland Valley Ry. ·Co.*, 135 F.2d 101, 103 (8thCir.1943)).

APPENDIX 1

Rada Subdivision

APPENDIX 2

I, _Louella E. Peterson, Acting_ Finance Officer of Hill City, do hereby certify that at an official meeting held on 2/34/86 the Common Council of Hill City did by resolution approve the within plat.

_Louella E. Peterson_
Finance Officer, _Acting_

#3425

STATE OF SOUTH DAKOTA
COUNTY OF PENNINGTON

Fee in record this ___19___ day of
March D. in 86 at 4 o'clock
45 minutes P. M. and recorded in
E ___30___ Page 235 of Plats
Records _Lorraine Hedlun_
Register of Deeds

Cy _____ Deputy
Fee 5.00