2003 SD 11

**SELWAY HOMEOWNERS ASSOCIATION, Plaintiff and Appellee,**

v.

**Faunille Fierro CUMMINGS, Defendant and Appellant.**

**In re Denial of Petition for Vacation of Right–Of–Way From a Plat.**

**No. 22492.**

Supreme Court of South Dakota.

Argued Jan. 14, 2003.

Decided Jan. 29, 2003.

Lester Nies of Hood, Nies & Dardis, P.C., Spearfish, South Dakota, Attorneys for plaintiff and appellee.

Thomas E. Brady, Brady Pluimer, P.C., Spearfish, South Dakota, Attorney for defendant and appellant.

GILBERTSON, Chief Justice.

[¶ 1.] In 2001, the landowners of all developed lots in the Selway Estate Development in Lawrence County, filed a petition for declaratory judgment and to vacate a part of the subdivision plat depicting a "66′ R.O.W. (FUTURE USE)." (See attached copy of plat). It is the legal status of this realty which is the subject of this appeal.

## PROCEDURAL HISTORY

[¶ 2.] The Selway subdivision was developed by Pearco Partnership, which is made up of William Pearson, Pamela Cleveland and Faunille Fierro Cummings. The Pearco Partnership also owns the land adjacent to the Selway subdivision to the east, which would be connected to the Selway subdivision by this "future use right-of-way." The Lawrence County Commission denied the petition and the landowners appealed the decision to the circuit court. The circuit court reversed, holding that the realty was a private easement. The court then allowed parol evidence to determine the scope of the private easement. The circuit court held that William Pearson, acting as an agent for the Pearco Partnership, concealed material facts, and misrepresented the partnership's intentions with regards to property designated as a "future use right-of-way." The circuit court further held that the Pearco Partnership was equitably estopped from developing the "future use right-of-way" for anything other than an access road for fire protection purposes. Cummings appeals the circuit court's decision. We affirm.

## FACTS

[¶ 3.] In 1986 the "Pearco Partnership" submitted a proposed plat to the Lawrence County Planning and Zoning Commission (Planning Commission). The plat proposed a residential subdivision located in Lawrence County, adjacent to U.S. Highway 14. The property was described as "Lots 1–12 of the Selway Estate Development." The Planning Commission approved the plat and submitted it to the Lawrence County Commission (County Commission) for approval, which the County Commission granted on April 9, 1986.

[¶ 4.] The plat contained a main road, running north/south, and extending from U.S. Highway 14 to the southern portion

of the division, ending in a cul-de-sac. The plat described the main road as "Dedicated as 66′ Public R.O.W." In addition to the main road, the plat left space for a second right-of-way, running east/west, located between lots 8 and 9, connecting the main road and the land adjacent to the east boundary of the Selway subdivision. The plat describes this additional right-of-way as "66′ R.O.W. (FUTURE USE)."

[¶ 5.] The Pearco Partnership also owned the adjacent land to the east of the Selway subdivision, which would benefit substantially if the "future use right-of-way" were developed into a public road. The minutes from the Planning Commission meeting on April 7, 1986, state "[a] 66′ R.O.W., reserved for future use, had been platted between Lots 8 and 9. The road would access the Pearco Partnership land to the east." However, the "future use right-of-way" was never used as a road, and instead has been described by the parties as a hay field.

[¶ 6.] Although the disputed property was clearly delineated on the plat, several of the Selway landowners testified that William Pearson (Pearson), one of the Pearco partners, told the landowners that this "future use right-of-way" was included on the plat so that the plat would be in compliance with forest service requirements. The landowners testified that Pearson indicated to them that the partnership had no intention of developing this property into a road, unless it was necessary to access water for fire protection purposes.[1] Robert McNeill, the owner of Lot 6 and former president of the Selway owners association, testified that a water tank was later built on Lot 6, and as a

result the Selway landowners believed the stated purpose of a "future use right-of-way" was no longer needed. At least two of the Selway landowners testified that they relied on Pearson's statements when they purchased land in the subdivision, and one drilled a well near the "future use right-of-way" in reliance that the area would not be developed into a road.

[¶ 7.] The Selway landowners held meetings in February and March of 1987, at which time they discussed the "future use right-of-way." The Selway landowners voiced concerns that landowners to the east of the Selway subdivision could open it as a public right-of-way. The Selway landowners were informed at the March meeting that the disputed property could be vacated with a two-thirds vote by the Selway landowners. Pearson attended the March meeting and testified that he was "shocked" that the landowners believed they could vacate the "future use right of way" with a two-thirds vote. However, Pearson did not voice any objections, nor did he indicate that Pearco may try to open the "future use right-of-way" to access the Pearco land to the east of the Selway subdivision. Moreover, Pearson and the other members of the Pearco Partnership, including Faunille Fierro Cummings (Cummings), received the minutes to each of these meetings and the partners did not object, nor did they attempt to correct any misinformation contained in the minutes.

[¶ 8.] In 1991 and 1992, the Planning Commission and the County Commission approved plats designated as Tract 1 and Tract 2 submitted by the Pearco Partner-

---

1. Although Pearson denied telling anyone that a road would not be built, or that the future use right-of-way would only be used for water access, Pearson testified that he knew as early as March 1987 that this was the understanding of the Selway landowners and yet he did nothing to correct the "misunderstanding." Furthermore, the trial court's findings of fact indicate that the circuit court judge accepted the landowners' testimony over the testimony of Pearson on this matter.

ship for land adjacent to the eastern border of the Selway subdivision. Tract 1 borders U.S. Highway 14 to the north and Tract 2 to the south. Tract 2 is located directly east of the Selway "future use right-of-way."[2] In 1992, the Planning Commission required that a 66 foot easement in Tract 1 be dedicated to the public as a public road. The easement gave Tract 1 access to U.S. Highway 14. With that correction, the re-plat was approved.

[¶ 9.] Cummings testified that she owns Tract 2 and has a residence there. She further stated that for future development of her tract, the best access to Highway 14 would be through the Selway subdivision, but she also acknowledged that she has access to the highway through Tract 1, which is owned by Pamela Cleveland, her sister and fellow Pearco Partner. Furthermore, Eric Birk, the Lawrence County Planning and Zoning Administrator since 1991, testified that there is no requirement that Selway have two access points.

[¶ 10.] In October 2001, the Selway landowners filed a petition with the County Commission, asking the commission to vacate the "future use right-of-way" pursuant to SDCL ch 11–3. The petition was signed by the owners of all developed lots (eleven) within the Selway subdivision. After a hearing, the County Commission denied the petition. Although the County Commission did not state a reason for the denial, it appears from the minutes and a tape recording of the hearing that the petition was denied in order to refer the issue to the circuit court.

[¶ 11.] In December 2001, the Selway landowners simultaneously filed an appeal of the County Commission's ruling, as well as a summons and complaint commencing

a declaratory judgment action to ascertain the legal status of the future use right-of-way. These actions were consolidated and tried before the circuit court. After a hearing, the circuit court held that the disputed realty had not been dedicated to the public, and was therefore a private easement. The circuit court further held that the plat was ambiguous as to the intentions of the Pearco Partnership with regards to the "future use right-of-way." To clear up the ambiguity, the circuit court allowed the parties to present parol evidence so that the court could determine the extent of the private easement. Based on the parol evidence, the circuit court found that the Pearco Partnership had made material misrepresentations to the Selway landowners, and the Partnership was therefore estopped from developing the "future use right-of-way" for anything other than a road for fire protection purposes. The circuit court further held that the actions by the County Commission were arbitrary and capricious and the denial of the Selway landowner's petition was reversed and remanded. Finally, the court held that Cummings was not a "proprietor" for purposes of SDCL 11–3–23.1, and therefore the "future use right-of-way" could be vacated without concern of prejudice to her or the Pearco Partnership.

[¶ 12.] Cummings appeals, raising four issues:

1. Whether the depiction of a "66' R.O.W. (FUTURE USE)" on a plat constitutes an express dedication of a public right-of-way.

2. Whether parol evidence was properly received to interpret the intention

**2.** The plat for Tract 2 erroneously refers to the Selway future use right-of-way as "existing 66' access."

312

of the developer with regards to the "66′ R.O.W. (FUTURE USE)."

3. Whether either the County Commission or the circuit court has jurisdiction to vacate a dedicated right-of-way unless such vacation is accomplished by vacation of a plat and replacement of the vacated plat with a re-plat which is submitted to, and approved by the County pursuant to statute.

4. Whether the circuit court erred in determining that the County Commission acted arbitrarily and capriciously in denying the petition to vacate when the vacation authorized the closing of a public highway laid out according to law in violation of SDCL 11–3–23.1.

[¶ 13.] We affirm based on the first three Issues and as a result, need not address Issue 4.

**STANDARD OF REVIEW**

[¶ 14.] In the present case, Cummings failed to propose findings of fact and conclusions of law, and failed to object to the findings and conclusions proposed by Selway. Therefore, our review is significantly limited "to the question of whether the findings support the conclusions of law and judgment." *Huth v. Hoffman,* 464 N.W.2d 637, 638 (S.D.1991).

[¶ 15.] Cummings also failed to order a transcript of the circuit court proceedings.

We have stated that "the ultimate responsibility for presenting an adequate record on appeal falls upon the appellant." "Failure to timely order a transcript constitutes a waiver of the right to a transcript." Where an appellant waives the right to a transcript by failing to order it, the only review which can take place "is a review of that portion of the record which was before the

circuit court." Where the record contains no transcript, the record on appeal is confined to those pleadings and papers transmitted from the circuit court. *Baltodano v. North Central Health Services, Inc.,* 508 N.W.2d 892, 894 (S.D.1993) (internal citations omitted).

[¶ 16.] Furthermore, with regards to a declaratory judgment action, we have held that this Court " 'has an obligation to reach its legal conclusions independent from the conclusions reached by the trial court.' In addition, we review a trial court's findings of fact 'under a clearly erroneous standard and its conclusions of law under a de novo standard.' " *City of Rapid City v. Anderson,* 2000 SD 77, ¶ 6, 612 N.W.2d 289, 291 (internal citations omitted).

[¶ 17.] Finally, our standard of review for appeals from a county commission decision is set forth in *Coyote Flats L.L.C. v. Sanborn County Commission,* 1999 SD 87, ¶ 7, 596 N.W.2d 347, 349.

SDCL 7–8–30 provides an appeal from a decision of a county commission shall be heard and determined by the circuit court de novo.... "[T]his standard means 'the circuit court should determine anew the question ... independent of the county commissioner's decision.' " As such:

When we review such actions of a board of county commissioners after an appeal to the circuit court, we apply the clearly erroneous standard to factual findings, but accord no deference to the legal conclusions of the circuit court.

*Id.* (further citations omitted).

**ANALYSIS AND DECISION**

[¶ 18.] **1. Whether the depiction of a "66′ R.O.W. (FUTURE USE)" con-**

**stitutes an express dedication of a public right-of-way.**

[¶ 19.] The first question we must address is whether the Pearco Partnership "dedicated" the "future use right-of-way" to the public use. SDCL 11–3–12 sets forth the requirements and effect of dedicating land to the public by way of a plat.

When the plat or map shall have been made out, certified, acknowledged, and recorded as provided in this chapter, every donation or grant to the public, or any individual, religious society, corporation, or body politic, marked or noted as such on such plat or map, shall be deemed a sufficient conveyance to vest the fee simple title of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against the donor, his heirs, and representatives, to the donee or grantee, his heirs or representatives, for the uses and purposes therein expressed and intended, and no other use and purpose whatever. The land intended to be used for the streets, alleys, ways, commons, or other public uses shall be held in trust to and for the uses and purposes expressed or intended. No governing body shall be required to open, improve, or maintain any such dedicated streets, alleys, ways, commons, or other public ground solely by virtue of having approved a plat or having partially accepted any such dedication, donation or grant.

[¶ 20.] We addressed the issue of a legally effective dedication in *Knight v. Madison*, 2001 SD 120, ¶ 5, 634 N.W.2d 540, 542. Dedication is similar to that of a contractual agreement between two parties. There must be an unconditional offer by the grantor to create a public highway and there must be an unconditional acceptance by the appropriate public entity that it becomes one. *Tinaglia v. Ittzes*, 257 N.W.2d 724, 728–729 (S.D.1977). "An easement may be dedicated to public use if the owner clearly acts to dedicate the easement and the public entity accepts the dedication." *Knight*, 2001 SD 120, ¶ 5, 634 N.W.2d at 542 (citing *Tinaglia*, 257 N.W.2d at 728–729). The requirement of public acceptance has both a common law and statutory basis. *City of Belle Fourche v. Dittman*, 325 N.W.2d 309, 311–312 (S.D. 1982).

[¶ 21.] We recently defined "dedication" in *Bergin v. Bistodeau*, 2002 SD 53, ¶ 16, 645 N.W.2d 252, 255–256.

Dedication is generally defined as the *devotion of property to a public* use by an unequivocal act of the owner that manifests an intention that the property dedicated shall be accepted and used presently or in the future. The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication.

Black's Law Dictionary defines "dedicate" as "[t]o appropriate and set apart one's private property to some public use; as to make a private way public by acts evincing an intention to do so." The term "dedication" is defined as "[a]n appropriation of land to some public use by or on behalf of the public[.]"

*Id.* (internal citations omitted) (emphasis and bracketed portions in original). Words contained in a plat such as "dedicated as a 66 foot public right-of-way," "public highway" or "public road" are obvious terminology that the road has been offered by the land owner to be dedicated as a public highway per SDCL 31–1–1.[3] *See, Tinag-*

3. SDCL 31–1–1 states:

Every way or place of whatever nature open to the public, as a matter of right, for

*lia,* 257 N.W.2d at 730. This definition makes equally clear that words in a plat such as "private road" or "private driveway" establish that the owner of the realty retains full incidents of his or her ownership even though it may to some extent, be used for vehicular traffic as that owner deems fit. *Knight,* 2001 SD 120, ¶ 7, 634 N.W.2d at 543.[4] The statute also contemplates the dedication and acceptance be in the present tense and not contingent upon some act in the future. *Dittman,* 325 N.W.2d at 311–312.

[¶ 22.] Limiting our review to the circuit court's findings of fact and conclusions of law we conclude that the circuit court was correct in its determination that the Selway Estates "future use right-of-way" was not expressly dedicated to the public use nor did Lawrence County as the governing public entity, accept it as dedicated. The main road was clearly dedicated by using the terms "dedicated" and "public." However, the "future use right-of-way" included neither of these terms. Instead, the "future use right-of-way" is further distinguished from the main road by the phrase "future use." If the creator of the plat had intended to dedicate this "future use right-of-way" to the public, that description would have included the same or similar language used to dedicate the main road.

[¶ 23.] Cummings would have us rely on *Atlas Lumber Co. v. Quirk,* 28 S.D. 643, 647, 135 N.W. 172, 174 (1912). In *Atlas* we held that "[w]here a plat of a town or city is made out and recorded, and lots are made and designated thereon with spaces left which fairly indicate that they are set apart to the public, the spaces thus indicated are presumptively streets." However, the presumptions indicated in *Atlas* do not control in this case. Presumptions such as this, are only that, and cannot survive convincing proof of contrary intent by a grantor. Herein, the "future use right-of-way" was not dedicated, and was set apart from the legally dedicated main road. Furthermore, the plat in *Atlas* included a certificate expressing an intention to dedicate the streets included on the plat. No such certificate was included with the Selway plat. Instead, the only dedication language is on the plat, and refers to the main road. Such dedication language was clearly omitted when the "future use right-of-way" was labeled on the disputed strip of realty.

[¶ 24.] Furthermore, because the "future use right-of-way" was not dedicated, it could not have been legally accepted by

purposes of vehicular travel, is a highway. The term "highway" shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities, or other institutions but such term may be deemed to include a roadway or driveway upon grounds owned by any state agency, college, university, or institution if the governing agency, board or commission by resolution so determines and the department of transportation concurs therein.

SDCL 31–1–2 states that bridges and culverts erected or maintained by the public constitute part of the public highway. *See Matters v. Custer County,* 538 N.W.2d 533, 535 (S.D.1995).

4. In *Knight,* the holder of an easement for ingress and egress to his property over a privately owned road constructed a gate to attempt to limit public access for the use of the private road. 2001 SD 120, ¶ 2, 634 N.W.2d at 542. The owner of the road being put on at least constructive notice of the existence of the gate, contested the right of an easement holder to so regulate access to the road. We held that the easement holder acquired no rights to regulate access by third parties to the private road and that authority rested exclusively with the landowner as he had retained that right. 2001 SD 120, ¶ 8, 634 N.W.2d at 543.

*Kokesh v. Running,* 2002 SD 126, ¶ 15, n. 1, 652 N.W.2d 790, 794.

a public entity, as required by *Knight*, 2001 SD 120, ¶ 5, 634 N.W.2d at 542. Beyond that, there is no factual evidence that Lawrence County ever attempted to accept it.

[¶ 25.] Because the "future use right-of-way" was not dedicated, or accepted by a public entity, it is deemed a private easement. We therefore affirm the circuit court on Issue 1.

[¶ 26.] **2. Whether parol evidence was properly received to interpret the intention of the developer with regards to the "66' R.O.W. (FUTURE USE)."**

 [¶ 27.] "Only when a plat is incomplete, ambiguous, or uncertain may surrounding circumstances and external evidence be considered for the purpose of determining the real intention of the platter." *Tinaglia*, 257 N.W.2d at 729. Because the circuit court found that the "future use right-of-way" was in fact a private easement, it allowed parol evidence to determine the extent of the easement.

[¶ 28.] We have held that the holder of a private easement has the right to limited use or enjoyment of the property only if it is consistent with the general use of the property by the owner, and "neither the physical size nor the purpose or use to which an easement may be put can be expanded or enlarged beyond the terms of the grant of the easement." *Knight*, 2001 SD 120, ¶ 6, 634 N.W.2d at 542.

[¶ 29.] The circuit court was correct in holding that the plat was silent as to the terms of the private easement, making the plat incomplete. Because the plat was incomplete, the trial court properly allowed parol evidence to determine the proper scope of the easement.

 [¶ 30.] The circuit court found that Cummings was estopped from asserting that the "future use right-of-way" could be opened up to access her land to the east. We held in *Taylor v. Tripp*, 330 N.W.2d 542 (S.D.1983):

> In order to constitute an equitable estoppel, or estoppel in pais, false representations or concealment of material facts must exist; the party to whom it was made must have been without knowledge of the real facts; that representations or concealment must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied thereon to his prejudice or injury. There can be no estoppel if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence.

*Id.* at 545 (further citations omitted).

[¶ 31.] The circuit court held in its memorandum opinion,[5] that the Pearco Partnership had concealed material facts concerning their intentions with regards to the "future use right-of-way."

> The court finds that material facts were concealed from the landowners. It is apparent that William Pearson, acting on behalf of the Pearco Partnership, always believed that the Selway future use right-of-way would be available to access property to the east that was owned by his partnership or its members but he failed to reveal that knowledge to the persons who would be most affected and, in fact, made assertions to the contrary.
>
> The court also finds that the Selway landowners had no knowledge that the easement would be used for that purpose. They believed they had resolved

---

**5.** The memorandum opinion was expressly incorporated into the circuit court's findings of fact and conclusions of law, and is therefore within the scope of our review.

the issue by their actions at two meetings in 1987 at which William Pearson attended but did not object or participate in the discussion. Copies of the minutes were regularly provided to the Pearco Partnership of which Respondent is a member. There is no evidence that Respondent ever objected to or attempted to correct the misinformation. The adjoining landowners purchased their property with the understanding that no public access road would be placed between their properties. One landowner drilled a well in close proximity to the easement.

Accordingly, the court finds by clear and convincing evidence that William Pearson, Pearco, and the Respondent are estopped from claiming a public right-of-way between Lots 8 and 9 of the Selway subdivision. The court further finds that such estoppel extinguishes any right that Pearco and Respondent may have had relative to the future use right-of-way under Article VII, Section 4, of the Declaration of Covenants, Conditions and Restrictions of the Selway Development providing for annexation of additional land platted by the partnership.

. . .

The landowners were advised that the future use right-of-way would be used to access a pond or tank for fire protection. The court, therefore, finds that the easement is limited by such use and is subject to the covenants requiring a two-thirds vote of the landowners in order to change the same.

[¶ 32.] We hold that the circuit court's decision was supported by its findings of fact.

[¶ 33.] **3. Whether either the County Commission or the circuit court has jurisdiction to vacate a dedicated right-of-way unless such vacation is accomplished by vacation of a plat and replacement of the vacated plat with a re-plat which is submitted to and approved by the County pursuant to statute.**

■ [¶ 34.] Cummings next argues that vacation of the "future use right-of-way" would close or obstruct a public highway. She further argues that she is a "proprietor" in the Selway subdivision plat, and vacating the right-of-way would prejudice her by extinguishing property rights granted to her by statute. If these arguments were correct, each would be a violation of SDCL 11–3–17 and 23.1.

[¶ 35.] SDCL 11–3–17 provides:

Any part of a plat may be vacated under the provisions and subject to the conditions of this chapter if such does not abridge or *destroy any of the rights and privileges of other proprietors in such plat.*

*Nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law.*

When any part of a plat shall be vacated as aforesaid, the proprietors of the lots so vacated may inclose the streets, alleys, and public grounds adjoining such lots in equal proportion.

(emphasis added). Furthermore, SDCL 11–3–23.1 provides:

If after the hearing required by § 11–3–22.1, the board of county commissioners determines that the granting of the petition will not abridge or destroy any of the rights and privileges of other proprietors of such plat and will not authorize the closing or obstruction of any public highway laid out according to law, it may vacate the plat specified in the petition. All property taxes on such plat shall be paid before it may be vacated.

[¶ 36.] First, due to our decisions on Issues 1 and 2, it is clear that vacating the "future use right-of-way" will not obstruct a public highway. This property is a private easement and therefore the statute's protection of public highways does not apply under these circumstances.

[¶ 37.] The term "proprietor" is not defined in our code. The circuit court adopted the following definition of the term:

"Proprietor" is defined as one who has the legal right or exclusive title to anything. Black's Law Dictionary 1098 (5th Ed., 1979). In many instances, it is synonymous with owner. *Id.* It is also defined as one who has the legal right or exclusive title to something and as "one having an interest (as control or present use) less than absolute and exclusive right." Merriam–Webster's Online Collegiate Dictionary, http://www.m-w.com/netdict.htm. Finally, proprietor is also defined as "a person who has legal title to something; owner." American Heritage Dictionary, Second College Edition, 1991.

In the context of SDCL ch. 11–3 it appears to be an appropriate definition of the term.

[¶ 38.] With regards to whether Cummings is a proprietor within the Selway subdivision, it must be noted that at the time of this proceeding, she no longer owned any of the Selway property. It had all been previously sold to third parties. To conclude that she maintained her status as a "proprietor" solely because she had been a previous owner and participated in the creation of the plat would carry that status potentially into infinity with no basis to do so. She had previously sold her "rights and privileges" granted her under SDCL 11–3–17 and 23.1.

[¶ 39.] Moreover, the circuit court held that the disputed strip of land was created for the purpose of fire protection. It concluded that Cummings was estopped from asserting her claim that the easement is a public right-of-way.

[¶ 40.] The circuit court's conclusions of law are supported by its findings of fact. We agree that Cummings was not a proprietor within the meaning contemplated in SDCL 11–3–17 and 23.1. Therefore the circuit court did not err in vacating the disputed property labeled as "future use right-of-way."

## CONCLUSION

[¶ 41.] Because of our decisions on Issues 1–3, we need not address "whether the circuit court erred in determining that the County Commission acted arbitrarily and capriciously in denying the petition to vacate when the vacation authorized the closing of a public highway laid out according to law in violation of SDCL 11–3–23.1." The circuit court did not err. We affirm.

[¶ 42.] SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.