2005 SD 82

CANYON LAKE PARK, L.L.C., a South Dakota Limited Liability Company, Plaintiff and Appellee,

v.

LOFTUS DENTAL, P.C., Ronald J. Loftus, Cheryl A. Loftus, and Leola Loftus Allen, Defendants and Appellants.

No. 23379.

Supreme Court of South Dakota.

Considered on Briefs on April 25, 2005.

Decided June 29, 2005.

Aaron D. Eiesland of Johnson Eiesland Law Firm Rapid City, South Dakota, Attorneys for plaintiff and appellee.

Alan L. Smoot of Smoot & Utzman, P.C., Rapid City, South Dakota, Attorneys for defendants and appellants.

SABERS, Justice.

[¶ 1.] Canyon Lake Park, L.L.C. (Canyon Lake) brought a declaratory action against Loftus Dental, P.C. to determine the rights of the parties under an express easement. The trial court ruled in favor of Canyon Lake. Loftus appeals and we affirm.

### Facts

[¶ 2.] This case involves the interpretation of an easement affecting adjacent parcels of commercial property located along Jackson Boulevard in Rapid City, South Dakota. A fitness center existed on one parcel and a dental clinic on the other. The fitness center was owned and operated by LBM, Inc. Dr. Ron Loftus, a local dentist, was the president of LBM, Inc. and also the owner of the dental clinic, Loftus Dental. A continuous asphalt parking lot spanning both parcels provided parking for the two businesses.

[¶ 3.] After a number of years in operation, a creditor of the fitness center initiated a foreclosure action on the business. As part of negotiations with the creditor, Dr. Loftus and his business partners agreed to grant an easement just prior to LBM, Inc.'s conveyance of the property to a third party. The easement provides ingress, egress, and parking on the portion of the parking lot located on the dental clinic property for the benefit of the fitness center property. Therefore, the fitness center parcel is the dominant tenement while the dental clinic parcel is the servient tenement.

[¶ 4.] The easement, dated November 25, 1987, provides in relevant part:

WHEREAS, it is the desire of the parties that an agreement for a perpetual and permanent easement be placed in writing for ingress, egress and parking over, upon, and across the above-described properties;

NOW THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:

1. That a perpetual and permanent easement for ingress, egress and parking is hereby created for the benefit of LBM, its employees, agents, customers, and tenants, as located and described on the area of the servient estate referred to as "ASPHALT PARKING" on Exhibit "A" which is attached hereto and incorporated by this reference as if fully set forth herein;

2. That the expenses of maintenance, repair and snow removal shall be allocated between the parties based upon appropriate use;

3. That this easement and agreement is superior and paramount to the rights of Anderson, Loftus, Loftus Allen and First Federal in the servient estate, and that the parties intend the easement created herein to be a covenant running with the land, binding upon the parties hereto and their heirs, executors, administrators, successors and assigns.

The "above-described" property consists of the entire property and parking lot. At the time the easement was granted, both the fitness center and the dental clinic were in compliance with the local zoning ordinances in regard to the number of parking spaces required for those types of businesses.

[¶ 5.] After the sale, the fitness center building continued to be operated as a fitness center until it was eventually sold to Canyon Lake in January, 2001. Canyon Lake converted the upper level of the building into office space. The Johnson Eiesland Law Firm (Johnson Eiesland) occupies approximately two-thirds of the upper level and leases out the remaining office space.

[¶ 6.] Canyon Lake intends to remodel the lower level of the building into additional office space. In order to obtain the necessary building permits, Canyon Lake had to demonstrate that adequate parking would be available.[1] As the successor-in-interest of the rights of LBM, Inc., Canyon Lake argues that under the terms of the easement its rights are superior and paramount to those of Loftus Dental and it should be allowed to count as available parking that portion of the parking lot located on the dental clinic parcel. Loftus

Dental disagrees, claiming that the original intent of the easement was only to grant the dominant tenement "shared use" of the servient tenement's parking lot.

[¶ 7.] Canyon Lake initiated a declaratory action against Loftus Dental for a determination of the parties' respective rights under the terms of the easement. The trial court concluded that Canyon Lake has superior and paramount rights over Loftus Dental in regard to ingress, egress, and parking on the servient estate. Loftus Dental appeals.

[¶ 8.] **1. Whether the appeal is barred due to Loftus' failure to object to the trial court's findings of fact and conclusions of law and whether this Court is bound by a limited standard of review.**

■ [¶ 9.] Canyon Lake asserts that Loftus' appeal is barred due to his failure to object to the trial court's findings of fact and conclusions of law. However, Loftus contends that he did object to the trial court's findings because he submitted his own proposed judgment. Furthermore, Loftus argues that since the parties submitted stipulated facts for the trial court to consider, the parties have waived the findings of fact and conclusions of law. Therefore, Loftus asserts that findings of fact and conclusions of law by the trial court should be considered superfluous.

[¶ 10.] The record shows that in a joint letter to Circuit Court Judge Fuller, attorneys for both parties submitted a signed stipulation of facts for his consideration. Specifically, the letter, which is dated February 12, 2004, states:

As agreed on the record at the status hearing held before you on Wednesday, February 11, 2004, at 11:00 a.m., both

---

1. The city of Rapid City requires five parking spaces for every 1,000 square feet of finished office space. Rapid City, SD Code § 17.50.270(D).

the counsel for the plaintiff and the counsel for the defendant agree that the attached stipulated facts are being presented to the court, along with the parties' trial briefs and exhibits thereto, for the purpose of the court determining of the respective rights of the parties under the easement agreement, as written. Further, as also agreed to on the record at the same hearing by counsel for the parties, the easement agreement is a *valid unambiguous agreement* of the parties, and therefore its meaning must be found by the Court within its four corners.

(emphasis ours). Although Judge Fuller accepted the parties' stipulated facts, he also entered his own findings of fact and conclusions of law, and invited either party to submit their own proposed findings of fact and conclusions of law in the event they objected to his findings. While both parties submitted their own proposed judgment for the trial court's consideration, neither party specifically objected to Judge Fuller's findings of fact or conclusions of law, nor did they submit their own findings of fact or conclusions of law.

■ [¶ 11.] Even if Loftus' submittal of a proposed judgment did not effectively preserve his right to appeal, this Court has held that the failure of an appellant to object to findings of fact and conclusions of law does not require the dismissal of the appeal. *GMS, Inc. v. Deadwood Social Club, Inc.,* 333 N.W.2d 442, 443 (S.D.1983). Rather, "[t]he failure of an appellant to object to findings of fact and conclusions of law and to propose his or her own findings, limits review to the question of whether the findings support the conclusions of law and judgment." *Premier Bank, N.A. v. Mahoney,* 520 N.W.2d 894, 895 (S.D.1994) (quoting *Huth v. Hoffman,* 464 N.W.2d 637, 638 (S.D.1991)). *See also Selway Homeowners Ass'n v. Cummings,* 2003 SD 11, ¶ 14, 657 N.W.2d 307, 312 (holding that since the appellant failed to either object to findings of fact or conclusions of law proposed by the appellee, or propose findings of fact and conclusions of law of their own, this Court's review was whether the findings supported the conclusions of law and judgment). Therefore, Canyon Lake's assertion that Loftus' appeal should be barred is without merit.

■ [¶ 12.] As to Loftus' argument that this Court is not bound to a limited review due to the fact that the parties submitted stipulated facts to the trial court, state law provides that findings of fact and conclusions of law are waived "by entering into a stipulation of facts for consideration by the court." SDCL 15-6-52(b). This Court has held that when the matter is presented to the trial court on a written stipulation of facts entered into by all parties, any findings of fact or conclusions of law entered by the trial court are superfluous. *Asmussen v. Schmidt,* 87 S.D. 53, 55, 202 N.W.2d 857, 858 (1972). *See also Cary v. City of Rapid City,* 1997 SD 18, ¶ 3, 559 N.W.2d 891, 892; *Dave Gustafson & Co., Inc. v. South Dakota State Highway Commission,* 88 S.D. 557, 558, 225 N.W.2d 594, 595 (1975) (noting that findings are superfluous in a stipulated case); *State v. Western Surety Co.,* 26 S.D. 170, 178, 128 N.W. 173, 176 (1910) ("Clearly where all the facts are stipulated, and there is no issue to be tried by the court, no findings of fact are necessary, as there are no facts to be found; the parties having agreed and stipulated as to the facts.").

[¶ 13.] SDCL 15-6-52(a) as amended provides that "[f]indings of fact, whether based on oral or documentary evidence, may not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Here, the

parties presented stipulated facts thereby waiving their rights to findings of fact and conclusions of law and the trial court nonetheless entered findings of fact. The court's findings of fact are superfluous and no deference need be given to them on review. Therefore, our review is not limited.

**[¶ 14.] 2. Whether the trial court erred in interpreting the terms of the easement.**

[¶ 15.] Loftus argues that the trial court erred: a) in holding that under the terms of the easement Canyon Lake's rights to use the servient tenement's parking lot were superior and paramount to Loftus' rights; b) in failing to construe the easement narrowly against Canyon Lake; and c) in failing to specifically rule on the issue whether the easement allows Canyon Lake to the full count of the parking spaces for zoning compliance purposes.

*a. Interpretation of the term "superior and paramount"*

[¶ 16.] The trial court held that under the terms of the easement, Canyon Lake's rights to use the dental clinic's parking lot were "superior and paramount" to Loftus' rights to use the parking lot. Loftus argues that this ruling is erroneous in that the term "superior and paramount" is not found in the "grant clause" of the easement, rather it is a separate reference to the strength of the easement. Therefore, Loftus argues, the easement does not give Canyon Lake any more than just a "shared right" of ingress/egress and parking. In other words, Loftus claims that they both have "shared" or equal rights to use the parking lot.

[¶ 17.] This Court has held:
The terms and extent of an easement by grant are ascertained either by the "words clearly expressed, or by just and sound construction" of the easement document. We look first to the language of the grant itself to discover the extent and nature of the easement agreement and its terms. We review the language used by giving terms their plain and ordinary meaning, and utilize no additional interpretation in the absence of ambiguity. If the terms of the agreement are specific in nature, the terms are "decisive of the limits of the easement."

*Picardi v. Zimmiond,* 2005 SD 24, ¶ 20, 693 N.W.2d 656, 662 (internal citations omitted). Furthermore, "[i]n order to ascertain the terms and conditions of a contract, we must examine the contract as a whole and give words their 'plain and ordinary meaning.' " *Gloe v. Union Ins. Co.,* 2005 SD 30, ¶ 29, 694 N.W.2d 252, 260.

[¶ 18.] Ambiguity is a question of law for a court to determine. *Baker v. Wilburn,* 456 N.W.2d 304, 306 (S.D.1990). When the terms of this easement are given their plain and ordinary meaning and the easement instrument is examined as a whole, it is clear that neither the language nor the intent of the easement is ambiguous. In fact, the cover letter to the stipulation provides in part that "the easement agreement is a valid unambiguous agreement of the parties, and therefore its meaning must be found by the Court within its four corners." The easement provides that Canyon Lake has superior and paramount rights over Loftus Dental in regard to ingress, egress and parking on the parking lot.

*b. Whether the trial court erred in failing to construe the easement narrowly against Canyon Lake and, if so, was it prejudicial*

[¶ 19.] The trial court specifically found that Loftus drafted the easement. Loftus claims that this finding was erroneous. He asserts that the easement was entered at the request of the creditor in

the foreclosure action, who was being represented by Johnson Eiesland at the time. Loftus contends that they were the actual drafters of the easement instrument. Therefore, he asserts that the easement should be construed narrowly against Canyon Lake. As authority for his argument, Loftus relies on case law establishing that ambiguities in a contract should be construed against the scrivener. *See Production Credit Ass'n of the Midlands v. Wynne*, 474 N.W.2d 735, 740 (S.D.1991); *Clements v. Gabriel*, 472 N.W.2d 480, 483 (S.D.1991); *Forester v. Weber*, 298 N.W.2d 96, 97 (S.D.1980).

■ [¶ 20.] The record is not clear as to the identity of the author of the agreement.[2] Regardless, we have found that the easement language is unambiguous and therefore the terms are afforded their plain and ordinary meanings. *See Gloe*, 2005 SD 30, ¶ 29, 694 N.W.2d at 260. When the language is unambiguous, the identity of the drafter is inconsequential. As indicated above at paragraph 10, the cover letter stipulates that the agreement is valid and unambiguous. Even though the trial court erred in finding that Loftus drafted the easement, it was harmless error in that it "does not affect the substantial rights of the parties." *See* SDCL 15–6–61. Therefore, Loftus' argument and supporting authority are unpersuasive as there was no prejudice.

   c. *Whether the trial court erred in not deciding whether Canyon Lake can count the parking spaces as their own*

■ [¶ 21.] Loftus asserts that the trial court erred in not deciding whether the easement allows Canyon Lake the full count of Loftus' parking spaces. He argues that it would have been proper for the trial court to decide this issue as the matter was raised by the parties.

[¶ 22.] Canyon Lake's Complaint provides in part:

WHEREFORE, Plaintiff requests that this court issue an order:

1. Declaring the rights of the parties to the Easement;

2. Requiring Defendants to cease and desist from any interference with Plaintiff's use of the Easement;

3. Permanently enjoining Defendants from interfering with Plaintiff in the full use, enjoyment and improvement of the Easement;

4. For costs including attorney fees; and

5. For such other relief as the court deems just.

Loftus' Answer provides in part:

WHEREFORE, Defendant requests that this court issue an order:

1. Declaring the rights of the parties to the Easement;

2. Requiring Plaintiff to cease and desist from interfering with Defendant's use of Defendant's Parking Area;

3. Permanently enjoining Plaintiff from interfering with Defendant's right to use of Defendant's Parking Area, reconstruction, re-stripping of Defen-

---

2. The evidence presented to the trial court regarding the drafter of the easement was an affidavit of Dr. Loftus. In the affidavit, he states that counsel for the creditor involved in the foreclosure action drafted the easement language but he does not identify the author. However, counsel for the creditor represented a party adverse to Loftus, and the creditor's successor in interest is Canyon Lake. This is sufficient to conclude that the trial court erred in determining that Loftus authored the document and therefore, if it were ambiguous, it should have been construed against Canyon Lake.

dant's Parking Area, or other development of Defendant's Parking Area without Defendant's written approval;

4. For costs including attorney's fees and sales tax; and

5. For such other and further relief as the Court deems just and equitable in the premises.

[¶ 23.] This issue was addressed by Judge Fuller when Loftus' attorney asked him about it directly after the trial court made its ruling:

MR. SMOOT: Your Honor, you probably have just said it, but there wasn't any specific conclusion as to the count, of the parking spaces.

THE COURT: I don't think that's before me. The easement is what it says. Plaintiff[]s may park upon the property denoted as Loftus.

MR. SMOOT: Okay.

THE COURT: And Dr. Loftus granted [that to] himself, LBM, and now the plaintiff[]s; is that right?

MR. SMOOT: (Nods head up and down.)

THE COURT: So I am determining what I have declared what the easement says. I believe that was my job and that's what I just did.

MR. SMOOT: Thanks, Your Honor.

[¶ 24.] In considering the relief requested in the Complaint and the Answer, the trial court did what was asked of it. Therefore, Loftus' argument is without merit and it has not been shown that the trial court erred in interpreting the terms of the easement in the manner it did. We affirm Issue 2.

[¶ 25.] **3. Whether Canyon Lake is attempting to expand the easement.**

[¶ 26.] Loftus argues that the trial court erred in not finding that Canyon Lake is attempting to expand the easement beyond the terms of the grant of the easement. He asserts that by remodeling the building into office space, Canyon Lake is expanding the use of the easement far beyond its historical use.

[¶ 27.] This Court has held that:

the holder of a private easement has the right to limited use or enjoyment of the property only if it is consistent with the general use of the property by the owner, and "neither the physical size nor the purpose or use to which an easement may be put can be expanded or enlarged beyond the terms of the grant of the easement."

*Selway,* 2003 SD 11, ¶ 28, 657 N.W.2d 307, 315. *See also* SDCL 43–13–5 ("The extent of a servitude is determined by the terms of the grant, or the nature of the enjoyment by which it was acquired."); *Knight v. Madison,* 2001 SD 120, ¶ 6, 634 N.W.2d 540, 542 ("Under [SDCL 43–13–5,] neither the physical size nor the purpose or use to which an easement may be put can be expanded or enlarged beyond the terms of the grant of the easement.").

[¶ 28.] It has not been shown that the physical size and condition of the easement has been altered or expanded or that the use of the easement has been for anything other than ingress, egress, and parking. Furthermore, despite Loftus' assertions, the easement is not contingent on Canyon Lake's use of the building as a fitness center. In fact, the easement is silent as to the use of the dominant tenement and expressly applies to "successors and assigns," which contemplates other future uses. Therefore, in this instance, the nature of the business occupying the dominant tenement is irrelevant to the scope of the easement.

[¶ 29.] Based on the above, it has not been shown that the trial court erred in holding that Canyon Lake was not at-

tempting to expand the scope of the easement beyond the express language of the written easement agreement. We affirm Issue 3.

[¶ 30.] **4. Whether Canyon Lake's actions are barred by either judicial or promissory estoppel.**

[¶ 31.] Loftus contends that the trial court erred in not finding that Canyon Lake was estopped from attempting to enforce the terms of the easement.[3] Canyon Lake argues that while the issue was briefly addressed at the March 10, 2004 status hearing, the issue was not pleaded as required by SDCL 15–6–8(c).[4]

[¶ 32.] It is clear that in his Answer to Canyon Lake's Amended Complaint, Loftus fails to specifically plead the defense of estoppel. However, during the status hearing, Judge Fuller directly addressed the issue in acknowledging that estoppel and several other equitable doctrines had not been raised, nor had either party briefed him on those particular issues. Judge Fuller then invited the parties to brief and argue those issues.[5] Subsequently, Loftus specifically argued the issues of judicial and promissory estoppel in the trial brief that he submitted to Judge Fuller. Despite this, Judge Fuller failed to specifically rule on either issue.

[¶ 33.] "All pleadings shall be construed as to do substantial justice." SDCL 15–6–8(f). Even though Loftus failed to plead estoppel as a defense in his complaint, Judge Fuller invited him to argue the issue and he did that. Therefore, this Court will address the issues of judicial estoppel and promissory estoppel on their merits.

*a. Judicial Estoppel*

[¶ 34.] This Court has stated:

Judicial estoppel cannot be reduced to an equation, but courts will generally consider the following elements in deciding whether to apply the doctrine: the later position must be clearly inconsistent with the earlier one; the earlier position was judicially accepted, creating the risk of inconsistent legal determinations; and the party taking the inconsistent position would derive an unfair advantage or impose an unfair detriment to the opponent if not estopped.

*Watertown Concrete Products, Inc. v. Foster,* 2001 SD 79, ¶ 12, 630 N.W.2d 108, 112–13 (citing *New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808, 1814–15, 149 L.Ed.2d 968, 977). *See also Gesinger v. Gesinger,* 531 N.W.2d 17, 21 (S.D.1995);

3. In his appellate brief, Loftus also claims equitable estoppel applies in this situation, but his argument focuses exclusively on judicial and promissory estoppel.

4. SDCL 15–6–8(c) provides:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has

mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

5. In response to this discussion, Judge Fuller stated:

Well, I, I just, I don't want to try things over again. I mean if we could get all the issues before me, I would certainly appreciate it. If those equitable doctrines are going to be argued, I'd like to get 'em argued, like to get 'em briefed. You both seem to have good documentation and then I know I can—if I have those letters, I know that I can apply the law to those doctrines, there is no doubt about it in my mind.

*State v. St. Cloud,* 465 N.W.2d 177, 180 (S.D.1991). "Unlike collateral estoppel or equitable estoppel, judicial estoppel requires neither privity between parties in the two proceedings nor detrimental reliance by the other party." *Id.* at 180 (quoting Comment, *Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel,* 80 NwULRev 1244, 1249 (1986) ("The gravamen of judicial estoppel is not privity, reliance, or prejudice. Rather it is the intentional assertion of an inconsistent position that perverts the judicial machinery.")).

[¶ 35.] Loftus asserts that at a Rapid City Zoning Board of Adjustment (Board) meeting held on January 15, 2002, Rich Huffman, a representative of Canyon Lake, stated that if they were going to do any *future* expansion or remodeling of the building, that they would first have to buy additional parking space.[6] Loftus claims that he relied on this statement and there-fore Canyon Lake should now be judicially estopped from enforcing the easement.

[¶ 36.] First, it is unclear as to exactly what was said by Canyon Lake's representative at the Board meeting and whether his statements are inconsistent with their current position.[7] Canyon Lake argues that it never took the position they would not seek to enforce the easement. This is reinforced by the fact that Canyon Lake corresponded with Dr. Loftus regarding the enforcement of the easement both before and after the Board meeting.

[¶ 37.] It also cannot be said that the earlier position was judicially accepted, creating the risk of inconsistent legal determinations. There is no showing that the Board relied on Rich Huffman's statements or that the statements were even considered by the Board in their decision to grant the variance.[8]

6. At the time, Canyon Lake wanted to renovate the remaining portion of the upper level of their building so that they could lease it out as office space. In order to obtain the necessary building permit, Canyon Lake had to show that they would remain in compliance with the zoning regulations regarding the required amount of available parking. Based on the size of the area that they wanted to renovate into office space, it was determined that Canyon Lake would need eight additional parking spaces. Because the interpretation and scope of the easement was in dispute, Canyon Lake went before the Board to request a variance. Dr. Loftus attended that meeting and agreed to allow Canyon Lake to use five of his parking spaces (the dental clinic parking lot had a total of 21 spaces and only 16 spaces were required in order for the dental clinic to be in compliance). Based on this arrangement, the Board found that special circumstances existed to warrant the granting of the variance.

7. As opposed to a verbatim transcript of the Board meeting, Loftus offers the minutes from the meeting, which only paraphrases what was said and what transpired at the meeting. The minutes indicate that Rich Huffman, a representative of Canyon Lake, stated that "they just want to develop one [of] two levels of the building, understanding that the other level will be empty, unless they can buy someone out for parking *down the road.*" (emphasis added). Canyon Lake now wants to renovate the lower level of the building into office space and is seeking to enforce the easement in order to obtain additional parking that will be required. Loftus asserts this is inconsistent with Canyon Lake's prior position that they would buy additional parking.

8. The meeting minutes indicate that the Board granted the variance "finding the special circumstances existing to be the most reasonable use of the property; that the variance grant will be in harmony with the general intent because of the General Commercial Zoning; that the variance granted will not be detrimental to the public welfare or in conflict with the comprehensive plan; and will not be injurious to the neighborhood." The Board also noted that "the variance granted is the minimum adjustment necessary; and the variance is for a use allowed in the zoning district."

### b. Promissory Estoppel

[¶ 38.] This Court has held that "[p]romissory estoppel may be invoked where a promisee alters his position to his detriment in the reasonable belief that a promise would be performed." *Garrett v. BankWest, Inc.*, 459 N.W.2d 833, 848 (S.D. 1990) (citing *Minor v. Sully Buttes School Dist. No. 58-2*, 345 N.W.2d 48, 51 (S.D. 1984)). The elements of promissory estoppel are: 1) the detriment suffered in reliance must be substantial in an economic sense; 2) the loss to the promisee must have been foreseeable by the promisor; and 3) the promisee must have acted reasonably in justifiable reliance on the promise made. *Id.*

[¶ 39.] Although Loftus asserts that promissory estoppel should bar Canyon Lake from enforcing the easement, it has not been shown that Dr. Loftus altered his position in reliance on the statements made by Rich Huffman at the January 15, 2002 Board meeting. In fact, the meeting minutes indicate that Dr. Loftus raised his concern about Canyon Lake's efforts to enforce the easement *after* Mr. Huffman's statements concerning the need to buy additional parking "down the road." Dr. Loftus then left the meeting, choosing not to listen to the continuing discussion about the easement dispute and whether a variance should be granted. Furthermore, there is nothing in the meeting minutes to suggest that Dr. Loftus' relinquishment of five of his parking spaces to Canyon Lake, at the time the variance was granted, was contingent upon Canyon Lake not enforcing the easement.

[¶ 40.] Based on the above, it has not been shown that Canyon Lake's attempt to enforce the easement is barred by either judicial or promissory estoppel.

[¶ 41.] We affirm.

[¶ 42.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.